OPINION
Defendant-appellant Marsha Morton appeals the judgment of the Van Wert County Court of Common Pleas, in this divorce action between Ms. Morton and plaintiff-appellee John D. Morton. Appellant and appellee were married in Van Wert County on March 14, 1964 and have no minor children. On December 4, 1997 appellee filed a complaint for divorce. On November 5, 1998, the trial court entered a decree including detailed findings of fact and conclusions of law, and granted appellee a divorce. Defendant-appellant asserts two assignments of error with respect to the trial court's judgment.
 The judgment ruling that certain property held in joint accounts with right of survivorship is separate property and not marital property is against the manifest weight of the evidence and contrary to Ohio law regarding such property.
 The judgment of the lower court fails to properly ascertain the nature of assets, to-wit, marital or non-marital, and to property [sic] and fairly allocate them between the parties.
Relevant to the instant appeal, the trial court made the following factual determinations:
 The Plaintiff's mother, Justine Boyd, was the beneficiary of a certain trust which included stocks and other investments and the Plaintiff was the trustee. Justine Boyd died on January 27, 1992 and the assets of the trust vested in the Plaintiff. As the investments matured and were otherwise liquidated, the Plaintiff transferred the proceeds, $412,259.89, to an Edward D. Jones Account. That account was held jointly in the Plaintiff and the Defendant's name with rights of survivorship. When their broker changed his affiliation, the account was transferred to Hiliard Lyons and held jointly by the parties with rights of survivorship. Only Plaintiff's social security number appears on the account as the tax identification number. Plaintiff did not intend to gift any of this account to the Defendant or intend for her to have any interest in the account during his lifetime. The Plaintiff knew the ownership of these assets would be vested in the Defendant upon his death and that was what he wanted.
 The Plaintiff maintained exclusive control over the Hiliard Lyons account. The Defendant did not maintain any control over the account. Except for $69,800.00 from the liquidation of the condominium the Plaintiff inherited from his mother, there were no other deposits to the account after the original deposits from the trust liquidation. $30,000.00 was withdrawn from the account in 1992 to pay for a new mobile home that replaced an older unit at the party's [sic] lake property in Coldwater, Michigan. $200,000 was withdrawn from the account to pay for anew [sic] marital residence on Champaign Drive, Van Wert, Ohio, that was contracted for in December, 1996 and constructed in 1997. From time to time the Plaintiff had the Defendant make withdraws [sic] to transfer funds to make the payments on the new residence which was her only involvement with this account. There were no other withdraws [sic] from the account.
 The balance remaining in the Hiliard Lyons investment account is $335,651.47, [and] is directly traceable to the Plaintiff's inheritance from his mother.
 * * * *
 The Defendant inherited $125,191.00 from her uncle and the Plaintiff does not dispute that the entire amount, $125,191.00 is the Defendant's separate property to which she is entitled.
(emphasis added).
In accordance with these factual findings, the trial court concluded that the balance remaining in the Hiliard Lyons account was the plaintiff-appellee's separate property and did not belong to the marital estate. The trial court also concluded that defendant-appellant's inheritance from her uncle maintained its character as separate property.
As defendant-appellant's two assignments of error raise similar issues for our review, we will address them together. Both of the defendant-appellant's assignments of error challenge the trial court's determinations as to the character of property. Specifically, defendant-appellant argues that the both the funds deposited in the Hiliard Lyons account as well as the funds defendant-appellant inherited from her uncle were marital property.
R.C. 3105.171, the statute that controls equitable division of marital and separate property, defines "separate property" as including, inter alia, "all real an personal property that is found by the court to be * * * [a]n inheritance by one spouse by bequest, devise or descent during the course of the marriage." R.C. 3105.171(A)(6)(a)(i). The statute further provides that "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). The statute also includes the following proviso:
 Except as otherwise provided in this section, the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property.
R.C. 3105.171(H).
Here, the defendant-appellant contends that despite the initial statutory character of plaintiff-appellee's inheritance and defendant-appellant's own inheritance as separate property, that actions of the parties transmuted both inheritances into marital property pursuant to the doctrine of Valentine v.Valentine (Jan. 10, 1996), Ashland App. No. CA-1120, unreported, 1996 WL 72608, at *2.
 The intentional act of converting ownership is transmutation. It is undisputed one spouse can make a gift of separate property to another. The action of placing separate property into a joint and survivorship account and facts substantiating a present intention to gift the property to the other can transmute the separate property to marital property.
Defendant-appellant argues that the plaintiff-appellee's actions in placing his inheritance in a joint and survivorship account, and the subsequent use of a portion of those funds to make improvements to the former marital home and construct a new home were sufficient to transmute the funds into marital property. Defendant-appellant also argues that her own actions in turning her inheritance from her uncle over to her husband to manage exhibited her own intent to transmute those funds into marital property.
Our review of this case is guided by the principles set forth by the Ohio Supreme Court in Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401:
 A trial court has broad discretion in making divisions of property in domestic cases. A trial court's decision will be upheld absent an abuse of discretion. "Abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.
Id. (citations omitted). Despite defendant-appellant's arguments, our review of the record reveals ample competent, credible evidence to support the trial court's factual finding that the plaintiff-appellant had no intention to gift his inheritance from his mother to the marriage. For example, the defendant-appellant testified that she had no control over the monies in the Hiliard Lyons account, and that the entire balance of the account is traceable to plaintiff-appellee's inheritance. Although there is some evidence that supports defendant-appellant's contention that the funds in the account were marital property, we cannot say that the trial court's conclusion that the funds were separate property was so erroneous as to constitute an abuse of discretion.
Similarly, the record contains sufficient evidence to support the trial court's conclusion that defendant-appellant's inheritance remained her own separate property. Specifically, plaintiff-appellee testified that he believed that the inheritance was not marital property, despite defendant-appellant's testimony to the contrary. The trial court apparently rejected defendant-appellant's testimony on this issue, and the trial court is in the best position to weigh the credibility of witnesses in order to resolve such factual disputes. See, e.g., Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159. Because plaintiff-appellee's testimony presents a competent, credible basis for the trial court's factual conclusions, we cannot conclude that the trial court's reliance upon it misplaced.
Based on the foregoing, we must conclude that the trial court did not abuse its discretion in determining the character of the funds at issue in this appeal. Therefore, both of defendant-appellant's assigned errors are overruled, and the judgment of the Van Wert County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.